FILED
2005 AUG 15 PM 2:25
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY [signature]
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ADS SERVICES, INC.** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIV. NO.** A05CA647 LY |
| | § | |
| **SOUTHWEST ENVIRONMENTAL SERVICES, INC., SOUTHWEST PETROLEUM TECHNOLOGY, INC., TSW GROUP, LLC, TITAN MANAGEMENT GROUP, LLC, SOUTHWEST eFUEL NETWORK LLC, GREGORY CONSULTING, INC., JAMESPORT CONTRACTING, INC. D/B/A THE JAMESPORT GROUP, AND ASSURED INDUSTRIES, INC.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES ADS SERVICES, INC., Plaintiff, complaining of SOUTHWEST ENVIRONMENTAL SERVICES, INC., SOUTHWEST PETROLEUM TECHNOLOGY, INC., TSW GROUP, LLC, TITAN MANAGEMENT GROUP, LLC, SOUTHWEST EFUEL NETWORK, LLC, GREGORY CONSULTING, INC., JAMESPORT CONTRACTING, INC. D/B/A THE JAMESPORT GROUP, and ASSURED INDUSTRIES, INC., Defendants. Plaintiff respectfully shows the Court the following:

1. This action arises out Defendants' acts of patent infringement, copyright infringement, trademark infringement, and false designation of origin in the course of their respective businesses.

2. As described in detail below, Defendants' conduct violates a long list of rights enjoyed by Plaintiff. At the core of Defendants' unlawful conduct, however, is that Defendants have infringed Plaintiff's patent, copyrights and trademark and have falsely designated the origin of their goods.

**PARTIES**

3. Plaintiff ADS SERVICES, INC., is a corporation organized and existing under the laws of the State of Texas and having its principal place of business in Austin, Texas.

4. Defendant SOUTHWEST ENVIRONMENTAL SERVICES, INC. ("SWES") is an Arizona corporation that does business in Texas. SWES may be served through its agent for service in Texas, Michael E. Gibson, 3201 Northwest Loop 820, Suite 290, Fort Worth, Texas 76137, via certified mail, return receipt requested or in person.

5. Defendant SOUTHWEST PETROLEUM TECHNOLOGY, INC. ("SPT") is an Arizona corporation that does business in Texas. Although SPT does significant business in Texas, and is therefore required to designate a registered agent for service of process in Texas, it has not done so. Therefore, SPT may be served with process through the Texas Secretary of State, Hon. Roger Williams, P. O. Box 12079, Austin, Texas 78711-2079 or 1019 Brazos Street, Austin, Texas 78701, via certified mail return receipt requested. The Secretary of State is requested to forward a copy of this lawsuit to SPT at its home office: Michael E. Gibson, President, Southwest Petroleum Technology, Inc., 12031 N Sundown Dr., Scottsdale, AZ 85260.

6. Defendant TSW GROUP, LLC ("TSW") is a Tennessee limited liability company that does business in Texas. Although TSW does significant business in Texas and has an office in Texas, and therefore is required to designate a registered agent for service of process in Texas, it has not done so. Therefore, TSW may be served with process through the Texas Secretary of State, Hon. Roger Williams, P. O. Box 12079, Austin, Texas 78711-2079 or 1019 Brazos Street, Austin, Texas 78701, via certified mail return receipt requested. The Secretary of State is requested to forward a copy of this lawsuit to TSW at its home office: 3904 Sandshell Dr., Fort Worth, TX 76137-2403.

7. Defendant TITAN MANAGEMENT GROUP, LLC ("TMG") is a Tennessee limited liability company that does business in Texas. Although TMG does significant business in Texas and has an office in Texas, and therefore is required to designate a registered agent for service of process in Texas, it has not done so. Therefore, TMG may be served with process through the Texas Secretary of State, Hon. Roger Williams, P. O. Box 12079, Austin, Texas 78711-2079 or 1019 Brazos Street Austin, Texas 78701, via certified mail return receipt requested. The Secretary of State is requested to forward a copy of this lawsuit to TMG at its home office: 3904 Sandshell Dr., Fort Worth, TX 76137-2403.

8. Defendant SOUTHWEST eFUEL NETWORK LLC ("eFuel") is a Texas limited liability company that does business in the Texas. It may be served through its agent for service in Texas, Robert Bodoin, 6115 Camp Bowie Blvd., Suite 290, Fort Worth, Texas 76116, via certified mail, return receipt requested or in person. Upon information and belief, Mr. Bodoin's current address is 801 Cherry St., Unit 31, Fort Worth, Texas 76102, and he may be served at this address as well.

9. Defendant GREGORY CONSULTING, INC. ("GCI") is a Texas corporation that does business in Texas. It may be served through its agent for service in Texas, Duane Harris, 4115 Britton Bay Lane, Dallas, Texas 75287, via certified mail, return receipt requested, or in person.

10. Defendant JAMESPORT CONTRACTING, INC. D/B/A THE JAMESPORT GROUP ("Jamesport"), is a Texas corporation that does business in Texas. It may be served through its agent for service in Texas, Robert C. Scott, 1407 Meadow View Drive, Richardson, TX 75206, via certified mail, return receipt requested, or in person.

11. Defendant ASSURED INDUSTRIES, INC. ("Assured"), is a Texas corporation that does business in Texas. It may be served through its agent for service in Texas, William B. Palser, 2414 Via Bolita, Carrolton, TX 75007, via certified mail, return receipt requested, or in person.

**JURISDICTION AND VENUE**

12. This court has jurisdiction over the subject matter of this action pursuant to the Patent Act of 1952, as amended (28 U.S.C. §§ 1338 and 1400), the Copyright Act of 1976, as amended (17 U.S.C. §§ 101, *et. seq.*), and the Trademark Act of 1946, as amended (15 U.SC. §§ 1121 and 1125(a)).

13. This Court has personal jurisdiction over Defendants by virtue of their transacting, doing, and soliciting business in this District and Division.

14. Venue is proper in this District under 28 U.S.C. §1391(b), §1391(c), §1391(d) and 1400(a) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Division.

**BACKGROUND FACTS**

15. Plaintiff is the owner of all right, title and interest in and to United States Patent No. 5,568,449 (the "'449 Patent") entitled "Methods and Apparatus for Use in Ultrasonic Ranging." The '449 Patent was duly and legally issued by the United States Patent Office. Plaintiff acquired the '449 Patent effective September 12, 2001 through an assignment from Thomas K. Regan, trustee for Plaintiff. Mr. Regan acquired the patent from USTest, Inc. ("USTest") pursuant to a Sheriff's Deed executed on September 12, 2001.

16. Plaintiff is the owner of all right, title and interest in and to the copyright in seven original works of authorship entitled ATGPARAM, MANIFOLD, MENU_ATG, MENUS, PROBE, PRODUCT and TANK (collectively, the "Copyrighted Works"). The Copyrighted Works were created as works made for hire by one or more employees of USTest and all rights to the Copyrighted Works vested in USTest upon creation thereof. Thomas K. Regan, trustee for Plaintiff, acquired the Copyrighted Works from USTest pursuant to a Sheriff's Deed executed on September 12, 2001. Plaintiff acquired the Copyrighted Works from Mr. Regan through an assignment effective September 12, 2001. Plaintiff filed its application to register the Copyrighted Works on August 15, 2005.

17. On September 18, 2001, Plaintiff entered into a License Agreement with USTest Licensing, Inc. ("USTest Licensing"), pursuant to which the Plaintiff granted USTest Licensing an exclusive license to grant others the right to manufacture and sell the USTest Model 2001 Automatic Tank Gauge System ("Model 2001 ATG"). The

Model 2001 ATG incorporated technology covered under at least Claim 1 and Claim 21 of the '449 Patent and also incorporated the Copyrighted Works.

18. Also on September 18, 2001, USTest Licensing entered into a Sublicensing Agreement with Defendant SWES pursuant to which USTest Licensing granted SWES the right to manufacture and sell the product known as the Model 2001 ATG. In the Sublicensing Agreement, SWES acknowledged that it did not obtain any "ownership or rights of control" to the Model 2001 ATG beyond the limited license granted in the Sublicensing Agreement.

19. On or after September 18, 2001, Defendants SWES, SPT, TSW, and TMG began marketing the Model 2001 ATG System under the trademark MODEL 2001. The MODEL 2001 mark was developed and first used in commerce by USTest. All right, title and interest in and to the MODEL 2001 mark, and its associated goodwill, were transferred to Thomas K. Regan, trustee for Plaintiff pursuant to a Sheriff's Deed executed on September 12, 2001 and were subsequently transferred to Plaintiff effective September 12, 2001. Plaintiff now owns the MODEL 2001 mark for use in connection with tank gauge systems. Plaintiff and its predecessor have invested a substantial amount of money in, and the public has come to recognize, Plaintiff's MODEL 2001 trademark and its indicia of origin. Plaintiff has established an outstanding reputation as to the excellence of the quality of the products sold under this mark. Defendant SWES's sole right to use the MODEL 2001 mark was acquired under the terms of the Sublicensing Agreement. Defendants SPT, TSW and TMG had and have no right to use the MODEL 2001 mark.

20. Starting in 2002, Plaintiff began receiving information indicating that Defendant SWES was violating the terms of the Sublicensing Agreement. The information indicated, and SWES subsequently admitted, that SWES had created unauthorized modifications to the Model 2001 ATG, that SWES was marketing the modified automatic tank gauge and that SWES had assigned at least some of the rights to the Model 2001 ATG's technology to SPT, TSW, TMG and possibly others in violation of the Sublicensing Agreement. The information also indicated that Defendants eFuel, GCI, Jamesport and Assured were the parties making modifications to the Model 2001 ATG.

21. Throughout the first nine months of 2003, USTest Licensing made repeated attempts to contact Defendant SWES to determine if SWES had modified the Model 2001 ATG, whether SWES had transferred the Model 2001 ATG's technology to other parties, and whether SWES had permitted Defendants eFuel, GCI, Jamesport and Assured to make modifications to the Model 2001 ATG. Plaintiff's concerns were heightened by information it received, and that was subsequently verified by SWES, that SPT, TSW and TMG were attempting to sell a version of the Model 2001 ATG and that these parties were claiming that Defendant SWES had manufactured these tank gauges.

22. Defendant SWES breached the Sublicensing Agreement by doing the following without receiving USTest Licensing's written permission: (a) manufacturing and selling a modified version of the Model 2001 ATG, (b) refusing to allow USTest Licensing access to Defendant SWES's manufacturing facilities to inspect SWES's processes and procedures; (c) assigning some or all of Defendant SWES'S contractual sublicense rights to SPT, TSW and TMG (and possibly others), (d) permitting Defendants

eFuel, GCI, Jamesport and Assured to make modifications to the Model 2001 ATG, and (e) failing to protect the Model 2001 ATG technology and in fact improperly using the technology for contractually impermissible purposes. Each of these acts constitutes a material breach of the Sublicensing Agreement.

23. On September 29, 2003, USTest Licensing sent a letter to Defendant SWES demanding that SWES cure its breaches of the Sublicensing Agreement. Defendant SWES did not cure, and has not cured, these breaches.

24. Pursuant to Section 9 of the Sublicensing Agreement, USTest Licensing had the right to terminate the Sublicensing Agreement if Defendant committed "any material breach of any of the terms of [the Sublicensing] Agreement." Plaintiff believes that USTest Licensing terminated the Sublicensing Agreement pursuant to Section 9. Defendants SWES, SPT and TMG continues to make and sell the Model 2001 ATG. The Model 2001 ATG manufactured and sold by Defendants incorporates technology claimed in the '449 Patent, incorporates the Copyrighted Works, and the sale thereof constitutes common law trademark infringement and false designation of origin.

25. Because the Sublicensing Agreement has been terminated, Defendants SWES, SPT and TMG are making and selling, within this District and elsewhere, products which infringe the '449 Patent and the Copyrighted Works and Defendants are inducing others to infringe the '449 Patent and the Copyrighted Works by selling the Model 201 ATG. In addition, Defendants SWES, SPT and TMG are selling, within this District and elsewhere, products under the MODEL 2001 trademark thereby infringing Plaintiff's trademark and falsely designating the origin of the Defendants' products.

26. Even if the Sublicensing Agreement has not been terminated, Defendants SWES, SPT and TMG are infringing the '449 Patent and Copyrighted Works by making and selling modified versions of the Model 2001 ATG because Defendant SWES was prohibited under the Sublicensing Agreement from making or selling any modified versions of the Model 2001 ATG. Defendants SPT, TSW and TMG had no right whatsoever to make or sell the Model 2001 ATG, whether or not it had been modified by SWES or others.

27. Defendants eFuel, GCI, Jamesport and Assured copied and made derivative works from the Copyrighted Works without Plaintiff's or USTest Licensing's permission.

28. The Defendants' infringement is injuring Plaintiff by depriving Plaintiff the right to license the Model 2001 ATG, and modifications thereto, to others.

29. The sale by Defendants SWES, SPT, TSW and TMG of products bearing the MODEL 2001 trademark is likely to cause confusion or mistake or deception to purchasers as to the source of origin of the goods. Consumers are likely to purchase from Defendants SWES, SPT and TMG products bearing the MODEL 2001 mark believing the products were manufactured by a party properly licensed by Plaintiff and over which Plaintiff has authority to control quality, thereby resulting in the loss of sales to Plaintiff. Plaintiff has no control over the nature and quality of the products sold by these Defendants under the MODEL 2001 mark. Because of the confusion as to the source of the products sold by these Defendants, Plaintiff's goodwill in respect to Plaintiff's mark is at the mercy of these Defendants. The goodwill of Plaintiff under its MODEL 2001 mark is of enormous value, and Plaintiff has suffered and will continue to suffer

irreparable harm should trademark infringement be allowed to continue to the detriment of its trade reputation and goodwill.

30. Defendants SWES, SPT, TSW and TMG's acts of patent infringement have been willful, intentional and deliberate, as Defendants have admitted notice of the '449 Patent.

31. Defendants' infringement of the '449 Patent, Plaintiff's MODEL 2001 mark, and Plaintiff's copyright in the Copyrighted Works, as well as Defendants' false designation of origin, will continue unless and until enjoined by this Court.

**COUNT 1: Patent Infringement**

32. The acts of Defendants SWES, SPT, TSW and TMG as described above constitute patent infringement in violation of Plaintiff's rights under the Patent Act.

33. Defendants SWES, SPT, TSW and TMG's acts of patent infringement have caused irreparable injury to Plaintiff in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

34. For these reasons, Plaintiff is entitled to injunctive relief against Defendants SWES, SPT, TSW and TMG, restraining further acts of patent infringement. Plaintiff is further entitled to all other of its damages caused by Defendants SWES, SPT, TSW and TMG's acts of patent infringement.

**COUNT 2: Copyright Infringement**

35. Defendant SWES had access to the Copyrighted Works through its relationship with USTest Licensing under the Sublicensing Agreement. All other Defendants had access to the Copyrighted Works through Defendant SWES.

36. Defendants SWES, SPT, TSW and TMG copied, reproduced, displayed and distributed the Copyrighted Works after the termination of the Sublicensing Agreement without Plaintiff's permission.

37. The Copyrighted Works used by Defendants SWES, SPT, TSW and TMG in connection with their sale of the Model 2001 ATG copy the original expression of Plaintiff's Copyrighted Works.

38. Defendants eFuel, GCI, Jamesport and Assured made derivative works from the Copyrighted Works without Plaintiff's permission.

39. Defendants SWES, SPT, TSW and TMG infringed Plaintiff's copyright in the Copyrighted Works by using, copying, displaying and distributing the Copyrighted Works in connection with their sale of the Model 2001 ATG. Defendants eFuel, GCI, Jamesport and Assured infringed Plaintiff's copyright in the Copyrighted Works by making unauthorized derivative works thereof.

40. Defendants' copyright infringements have caused irreparable injury to Plaintiff in an amount that cannot be ascertained at this time and that, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

41. For these reasons, Plaintiff is entitled to injunctive relief against Defendants restraining further acts of copyright infringement. Plaintiff is further entitled to all other of its damages caused by Defendants SWES, SPT, TSW and TMG's acts of copyright infringement.

**COUNT 3: Contributory Copyright Infringement**

42. Defendants SWES, SPT, TSW and TMG used, copied, reproduced, displayed and distributed Plaintiff's Copyrighted Works without Plaintiff's permission.

43. Defendants SWES, SPT, TSW and TMG's use, copying, reproduction, display and distribution of the Copyrighted Works was done so that Defendants SWES, SPT, TSW and TMG would be able to take over, for their own profit and advantage, Plaintiff's Copyrighted Works.

44. Defendants SWES, SPT, TSW and TMG induced, participated, and aided and abetted in, and profited from, the use, copying, reproduction, display and distribution of the Copyrighted Works.

45. Defendants SWES, SPT, TSW and TMG's acts of contributory copyright infringement have caused irreparable injury to Plaintiff in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

46. For these reasons, Plaintiff is entitled to injunctive relief against Defendants SWES, SPT, TSW and TMG, restraining further acts of contributory copyright infringement. Plaintiff is further entitled to all other of its damages caused by Defendants SWES, SPT, TSW and TMG's acts of contributory copyright infringement.

**COUNT 4: Trademark Infringement**

47. The acts of Defendants SWES, SPT, TSW and TMG described above constitute common law trademark infringement.

48. Defendants SWES, SPT, TSW and TMG's acts of trademark infringement have caused irreparable injury to Plaintiff in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

49. For these reasons, Plaintiff is entitled to injunctive relief against Defendants SWES, SPT, TSW and TMG, restraining further acts of trademark infringement. Plaintiff is further entitled to all other of its damages caused by Defendants SWES, SPT, TSW and TMG's acts of contributory trademark infringement.

**COUNT 5: False Designation of Origin**

50. The acts of Defendants SWES, SPT, TSW and TMG described above constitutes false designation of origin and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Defendants SWES, SPT, TSW and TMG's false designation of origin has caused irreparable injury to Plaintiff in an amount that cannot be ascertained at this time and that, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

52. For these reasons, Plaintiff is entitled to injunctive relief against Defendants SWES, SPT, TSW and TMG, restraining further acts of false designation of origin. Plaintiff is further entitled to all other of its damages caused by Defendants SWES, SPT, TSW and TMG's acts of false designation of origin.

**PRAYER FOR RELIEF**

Therefore, Plaintiff respectfully requests that the Court:

A. Declare that Defendants SWES, SPT, TSW and TMG's unauthorized conduct constitutes infringement of Plaintiff's rights under the Patent Act, infringement of Plaintiff's rights under the Copyright Act, infringement of Plaintiff's common law trademark rights, and false designation of origin under the Lanham Act;

B. Declare that Defendants eFuel, GCI, Jamesport and Assured's unauthorized conduct constitutes infringement of Plaintiff's rights under the Copyright Act;

C. Immediately and permanently enjoin Defendants SWES, SPT, TSW and TMG, each of their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from (i) making or causing to be made, importing or causing to be imported, selling or causing to be sold, using or causing to be used, in a any manner, directly or indirectly, any articles or products in accordance with and embodying the invention of any of the claims of the '449 Patent, (ii) infringement of Plaintiff's copyright in the Copyrighted Works, (iii) contributory infringement of Plaintiff's copyright in the Copyrighted Works, (iv) infringement of Plaintiff's common law trademark rights, and (v) engaging in unfair competition with Plaintiff;

D. Immediately and permanently enjoin Defendants eFuel, GCI, Jamesport and Assured, each of their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from (i) infringement of Plaintiff's

copyright in the Copyrighted Works and (ii) contributory infringement of Plaintiff's copyright in the Copyrighted Works;

E. Immediately and permanently enjoin Defendants SWES, SPT, TSW and TMG, each of their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from (i) inducing others to make, import, sell, use, in any manner, directly or indirectly, any articles or products in accordance with and embodying the invention of any of the claims of the '449 Patent, (ii) infringement of Plaintiff's copyright in the Copyrighted Works, (iii) contributory infringement of Plaintiff's copyright in the Copyrighted Works, (iv) infringement of Plaintiff's common law trademark rights, and (v) engaging in unfair competition with Plaintiff;

F. Award Plaintiff actual and statutory damages for Defendant SWES, SPT, TSW and TMG's patent infringement in an amount to be determined at trial;

G. Award Plaintiff treble the amount of Plaintiff's damages as a result of Defendant SWES, SPT, TSW and TMG's willful and deliberate infringement of the '449 Patent;

H. Award Plaintiff its costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 35 U.S.C. §§ 285 and 285 and 17 U.S.C. §§ 101, et. seq.;

I. Require the Defendants SWES, SPT, TSW and TMG to account to Plaintiff for their profits, the actual damages suffered by Plaintiff as a result of their acts of infringement and unfair competition and that, in accordance with such accounting,

Plaintiff be awarded judgment for three times such profits and damages pursuant to 15 U.S.C. 1117;

J. Require Defendants SWES, SPT, TSW and TMG to surrender for destruction all products, nameplates, labels, advertisements and other materials constituting infringement of Plaintiff's trademark and designation of origin; and

K. Award Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

W. Brewster McCracken

Peter K. Taaffe
SBOT No. 24003029
DuBois, Bryant, Campbell & Schwartz, LLP
700 Lavaca, Suite 1300
Austin, Texas 78701
Tel: (512) 457-8000
Fax: (512) 457-8008

ATTORNEY IN CHARGE FOR PLAINTIFF

OF COUNSEL:
DuBois, Bryant, Campbell & Scwhartz, LLP
Michael C. McCrea
SBOT No. 13485500
W. Brewster McCracken
SBOT No. 00794266
700 Lavaca, Suite 1300
Austin, Texas 78701
Tel: (512) 457-8000
Fax: (512) 457-8008